## CIRCUIT COURT OF LOUDOUN COUNTY

Ghiorzi

v.

Furnari

October 4, 1989

Case Nos. (Chancery) 9422, 12038; (Law) 10235

By JUDGE THOMAS D. HORNE

The Court finds that Mr. Furnari has brought himself in compliance with the previous directives of this Court as to: (1) the completion of work necessary to correct any damages caused as a result of improvements to the easement, and (2) compliance with the provisions relating to the installation of friction blocks. Use of the existing topsoil by Mr. Costello is found to be a use consistent with, and necessarily included in, the grant. *Raven Red Ash Coal Co. v. Ball*, 185 Va. 534 (1946). However, the Court finds that the Dellanos are entitled to recover the sum of $500.00 toward their attorney's fees in seeking enforcement of the Court's previous orders.

Accordingly, the Court will award to the Dellanos judgment in the amount of $500.00 against Mr. Furnari in Chancery No. 9422 as a partial recovery of their attorney's fees. In addition, the Court has awarded the Ghiorzis the sum of $60.00 (as previously ordered) in Law No. 10235. Interest shall run from January 3, 1989, at the rate of 8% as to attorney's fees award and from July 11, 1989, at the rate of 8% as to the $60.00 damage award in Law No. 10235.

In Chancery No. 89-12038, the Court will deny the Motion for Summary Judgment filed by the Complainant.

However, the Court finds that the Cross-Bill for Declaratory Relief may be decided on the record.

Complainants rely on their common law right to erect a division fence and cite authority both in support of this right and the subordinate right to place gates in that fence. Defendant relies principally upon the case of *Meadows v. Meadows*, 143 Va. 98 (1925), to support his contention that in order to erect gates, the owner of a servient estate must demonstrate that he owns the land on both sides of the easement and that he has fences which "extend to such roads on each side thereof." Defendant contends that Complainant cannot meet this standard and accordingly has no right to place gates across the easement.

Virginia Code § 55-304 permits the owner of a servient estate to place gates or cattle guards across the easement when required for the protection of livestock. Virginia Code § 55-305 permits the owner of the dominant estate to replace such a gate at his own expense with a substantial cattle guard sufficient to turn livestock.

Were it not for the existence of these Sections (or, alternatively, had these Sections been considered by the *Meadows* court), the *Meadows* decision would be controlling. The Court notes that these provisions were originally enacted almost thirty years after the *Meadows* decision, and this could not have been considered by the *Meadows* court. Furthermore, the greater specificity of these two Sections requires that they be given precedence over the more general strictures of Virginia Code § 33.1-202, the statute establishing the conditions for the erection of gates across easements.

Accordingly, the Complainants may, *if necessary for the protection of livestock* (emphasis added), maintain at the entrance points to the servient estate where traversed by the easement, suitable, substantial and unlocked gates, which may be easily opened and closed, and the Defendant, if he so desires, at his own expense, may replace the gate with a suitable and substantial cattle guard. Subsection 55-304, 55-305, Code of Virginia, as amended. *Craig v. Kennedy*, 202 Va. 654 (1961). In the event such gate(s) would not be necessary for the protection of livestock, *Meadows, supra*, would control and the erection of such fences would be prohibited.